2012 ND 187

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Patti J. JENSEN, A Person Admitted to the Bar of the State of North Dakota**

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Patti J. Jensen, Respondent.

No. 20120308.

Supreme Court of North Dakota.

Sept. 18, 2012.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] The Court has before it Findings, Conclusions, and Recommendation by the Hearing Panel of the Disciplinary Board recommending Patti J. Jensen be suspended from the practice of law in North Dakota for thirty days and she pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We conclude there is clear and convincing evidence Jensen violated N.D.R. Prof. Conduct 1.3 and 1.4, and we adopt the Findings, Conclusions, and Recommendation of the hearing panel.

[¶ 2] Patti J. Jensen was admitted to practice law in the state of North Dakota on September 23, 1985, and is currently licensed to practice law in the courts of North Dakota. On January 20, 2012, Jensen admitted service of a Summons and Petition for Discipline. The Petition alleged that a client retained Jensen to represent her regarding an August 1, 2011, post-divorce order to show cause hearing at which the client's former husband sought to hold her in contempt for failure to cancel health insurance coverage he was providing to her. The Petition alleged that the divorce judgment required him to provide the insurance for a period three years or until she was "eligible for and secures health insurance coverage through employment or remarriage, whichever of these events occurs earlier." The client obtained employment and health insurance coverage through her employer beginning in June 2010, but she failed to cancel the insurance provided by her former husband.

[¶ 3] The Petition alleged that on March 24, 2011, the client's former husband requested information regarding whether the client was eligible for health insurance coverage through her employer. Jensen failed to provide information until May 5, 2011. Following the order to show cause hearing held on August 1, 2011, the court ordered the client to reimburse her former husband for the health insurance premiums he paid from the time she obtained health insurance through her employer and for attorney's fees he incurred for the show cause hearing. The client attempted to contact Jensen daily by phone or e-mail from August 2, 2011, through August 22, 2011. Despite four e-mail responses from Jensen stating she would call the client, she did not do so.

[¶ 4] The Petition alleged that Jensen's conduct in this matter violates N.D.R. Prof. Conduct 1.3, regarding diligence, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and N.D.R.Prof. Conduct 1.4, regarding communication, which provides that a lawyer shall make reasonable efforts to keep the client reasonably informed about the status of a matter and promptly comply with the

client's reasonable requests for information.

[¶ 5] A Hearing Panel was appointed, and it considered a Stipulation and Consent to Discipline. The Hearing Panel made findings, conclusions, and a recommendation, which were forwarded to this Court on July 17, 2012. The Hearing Panel outlined Jensen's previous disciplinary history. Jensen was reprimanded by the Hearing Panel in September 2004 for violation of N.D.R. Prof. Conduct 1.4(b) and 1.3; was reprimanded by the Hearing Panel in May 2009 for violation of N.D.R. Prof. Conduct 3.1 and 4.4; was admonished by the Inquiry Committee Northeast in July 2004 for violation of N.D.R. Prof. Conduct 1.9; and entered into a consent probation in January 1999 for violation of N.D.R. Prof. Conduct 1.3 and 1.4(a).

[¶ 6] In recommending a sanction, the Hearing Panel considered N.D. Stds. Imposing Lawyer Sanctions 4.43, which provides that reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client, and N.D. Stds. Imposing Lawyer Sanctions 8.2, which provides that suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession. The Hearing Panel also considered aggravating factors in N.D. Stds. Imposing Lawyer Sanctions 9.22(a) of prior disciplinary offenses and N.D. Stds. Imposing Lawyer Sanctions 9.22(i) of substantial experience in the practice of law, and mitigating factors in N.D. Stds. Imposing Lawyer Sanctions 9.32(e) of full and free disclosure to disciplinary board or cooperative attitude toward proceedings and N.D. Stds. Imposing Lawyer Sanctions 9.32($l$) of remorse.

[¶ 7] Objections to the Findings, Conclusions, and Recommendation were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 8] ORDERED, that the Findings, Conclusions, and Recommendation of the Hearing Panel are accepted. We order Jensen suspended from the practice of law for thirty days, effective November 1, 2012. We also order Jensen to pay the costs of the disciplinary proceeding in the amount of $500 within 60 days of the judgment, payable to the Secretary of the Disciplinary Board.

[¶ 9] IT IS FURTHER ORDERED, that Jensen must comply with N.D.R. Lawyer Discipl. 4.5 regarding notice.

[¶ 10] IT IS FURTHER ORDERED, that Jensen must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.