2015 ND 286

In the Matter of the APPLICATION FOR DISCIPLINARY ACTION AGAINST Travis W. HUISMAN, a Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Travis W. Huisman, Respondent.

No. 20150281.

Supreme Court of North Dakota.

Dec. 7, 2015.

## SUSPENSION ORDERED

PER CURIAM.

[¶1] The Court has before it Findings of Fact, Conclusions of Law, and Recommendation of a hearing panel of the Disciplinary Board recommending that Travis W. Huisman be suspended from the practice of law in North Dakota for two months. We suspend Huisman from the practice of law for two months, effective when and if he is relicensed to practice law in North Dakota.

[¶2] Huisman was admitted to practice law in North Dakota on June 20, 2012. Huisman did not pay his license fee for 2015. Therefore, he has not been licensed since December 31, 2014.

[¶3] Attempted service of a summons and petition for discipline upon Huisman at his last known address was returned. Disciplinary Counsel was unable to find a current address for Huisman. Therefore, he was then served through the Clerk of the Supreme Court, as his agent for service of process under Admission to Practice R. 1(A)(3). Huisman failed to answer or otherwise respond to the petition. On June 25, 2015, Disciplinary Counsel filed a notice and motion for default and an affidavit of costs and expenses. Huisman did

not respond to the motion. Under N.D.R. Lawyer Discipl. 3.1(E)(2), Huisman is in default, and the charges in the petition for discipline are admitted.

[¶ 4] On September 23, 2015, the hearing panel filed its findings of fact, conclusions of law, and recommendations. The hearing panel found Huisman was practicing out of the Gion Law Office in Regent, North Dakota, where he represented the temporary guardians of a minor child. On October 20, 2014, Huisman appeared at a hearing on behalf of the clients to determine primary residential responsibility. The hearing was continued to November 19, 2014. On October 20, 2014, Huisman was served with notice of the continued hearing. On or about November 18, 2014, Huisman terminated his employment relationship with Gion Law Office. Huisman took the clients' file upon his departure. Huisman failed to appear in any manner at the continuation of the primary residential responsibility hearing, and his clients were not notified that he would not be at the hearing. Huisman also failed to inform the district court that he would not be present. The clients were not represented at the November 19, 2014, hearing.

[¶ 5] The hearing panel concluded Huisman violated N.D.R. Prof. Conduct 1.3, Diligence, providing a lawyer shall act with reasonable diligence and promptness in representing a client; N.D.R. Prof. Conduct 1.4, Communication, providing a lawyer shall promptly inform the client about any decision requiring the client's consent under these Rules, shall reasonably consult with the client regarding the means by which the client's objectives are to be accomplished, and shall make reasonable efforts to keep the client reasonably informed about the status of a matter. After considering the North Dakota Standards for Imposing Lawyer Sanctions, the hearing panel recommended that Huisman be suspended from the practice of law in North Dakota for two months.

[¶ 6] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the findings of fact, conclusions of law, and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received. The Court considered the matter, and

[¶ 7] **ORDERED,** that the findings of fact, conclusions of law, and recommendations by the hearing panel are accepted.

[¶ 8] **IT IS FURTHER ORDERED,** that Travis W. Huisman is suspended from the practice of law for two months, effective when and if he is relicensed to practice law in North Dakota.

[¶ 9] **IT IS FURTHER ORDERED,** that Huisman pay the costs of the disciplinary proceeding of $393.49 within 60 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 10] **IT IS FURTHER ORDERED,** that Huisman must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 11] **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 12] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.