Per Curiam.
 

 [¶ 1] The Court has before it the findings of fact, conclusions of law, and recommendations of a hearing panel of the Disciplinary Board recommending John D. Bruhn be suspended from the practice of law in North Dakota for 60 days with a one-year probation following his suspension, he work with the Lawyer Assistance Program on his law office management, he complete six hours of continuing legal education classes focused on diligence and client communication, and he pay the costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the hearing panel's findings, conclusions, and recommendations.
 

 [¶ 2] Bruhn was admitted to practice law in North Dakota on October 9, 2014, and he is currently licensed to practice law. He is also licensed to practice in Florida.
 

 [¶ 3] A petition for discipline was served on Bruhn. On March 8, 2018, Disciplinary Counsel filed a motion for default. Bruhn failed to answer the petition, and he is in default. The charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).
 

 [¶ 4] Bruhn maintained a law practice in Dickinson with Marla L. Bruhn. The Bruhns would frequently appear on behalf
 
 *852
 
 of each other without informing the client or obtaining the client's consent. The Bruhns were often co-counsel representing clients. Related to these disciplinary matters, Bruhn represented 14 clients in criminal matters and 1 client in a civil matter.
 

 [¶ 5] Bruhn failed to adequately communicate with his clients and provided some with inaccurate information. He failed to notify clients of hearings, failed to appear for hearings, and failed to adequately prepare. Due to his failure to adequately communicate with his clients, some failed to appear in court. He made false statements to the district court. He or Marla L. Bruhn were late for hearings. He also failed to respond to a motion in the civil matter.
 

 [¶ 6] The hearing panel concluded Bruhn's conduct violated N.D.R. Prof. Conduct 1.1, Competence, by failing to represent his clients with the legal knowledge, skill, and thoroughness and preparation reasonably necessary to competently represent the client; N.D.R. Prof. Conduct 1.2(a) ; Scope of Representation and Allocation of Authority Between Client and Lawyer, by failing to abide by his client's decisions concerning the objectives of representation and as required by Rule 1.4, consult with the client about the means by which they are to be pursued, by taking action beyond any implied authorization that he may have had, and by failing to abide by a client's decision regarding pleas or whether to proceed to trial; N.D.R. Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness in representing his clients; N.D.R. Prof. Conduct 1.4, Communication, by failing to promptly inform the client of any decision or circumstance with respect to which the client's consent is required, by failing to reasonably consult with the client about the means by which the client's objectives are to be accomplished, by failing to make reasonable efforts to keep the client reasonably informed about the status of a matter, by failing to promptly comply with the client's reasonable requests for information, and by failing to explain matters to the extent reasonably necessary to permit clients to make informed decisions regarding their representation; and N.D.R. Prof. Conduct 3.3, Candor Toward the Tribunal, by knowingly making false statements of fact or law to the tribunal.
 

 [¶ 7] When considering an appropriate sanction, the hearing panel considered the aggravating factors under by N.D. Stds. Imposing Lawyer Sanctions 9.22 of prior disciplinary offenses, a pattern of misconduct, and multiple offenses. The hearing panel concluded Bruhn's conduct falls within the guidance provided by N.D. Stds. Imposing Lawyer Sanctions 4.42, 4.53, 4.63, and 6.12. The hearing panel recognized the recommend sanctions for the various violations ranged from reprimand to suspension, and looked to our precedent to arrive at a recommended sanction:
 

 In looking to case law in North Dakota, the length of the suspension based on precedent is difficult to determine because there are numerous clients involved, with several rule violations, but no violations regarding misuse of client funds. In looking at similar suspensions involving violations of Rule 1.3 and Rule 1.4, N.D.R. Prof. Conduct, a suspension of sixty (60) days is merited.
 
 See
 

 Disciplinary Board v. Jensen
 
 ,
 
 2012 ND 187
 
 ,
 
 821 N.W.2d 372
 
 (suspension for 30 days for violations of Rule 1.3 and 1.4, N.D.R. Prof. Conduct, involving one client);
 
 Disciplinary Board v. Huisman
 
 ,
 
 2015 ND 286
 
 ,
 
 872 N.W.2d 336
 
 (suspension for 60 days for violations of Rules 1.3 and 1.4, N.D.R. Prof. Conduct, involving one client); but see
 
 Disciplinary Board v. Matson
 
 ,
 
 2015 ND 222
 
 ,
 
 869 N.W.2d 128
 
 (suspension for six months and a day for
 
 *853
 
 violations of Rule 1.1, 1.3, l.4(a), l.5(a), l.15(a), and l.16(e), which involved three clients, but also involved issues with fee disputes and mishandling client funds).
 

 The hearing panel also explained their findings and reason for their recommended sanctions, stating:
 

 The violations stem from an overall lack of organization with respect to handling client cases that the Panel would like to see corrected by Bruhn. To heighten the sanction from the suspensions within
 
 Jensen
 
 and
 
 Huisman
 
 , in accordance with Standard 2.6, N.D. Stds. Imposing Lawyer Sanctions, it is being recommended that Bruhn be placed on probation for a period of one year, during which he is to avoid any findings of similar violations and that he work with the Lawyer Assistance Program on his law office management in accordance with Standard 2.6 and 2.7(g).
 

 [¶ 8] Considering all relevant factors, the hearing panel concluded a 60-day suspension followed by one-year of probation is an appropriate sanction. It also recommended Bruhn pay the costs and expenses of these disciplinary proceedings in the amount of $250.
 

 [¶ 9] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the hearing panel's findings of fact, conclusions of law and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received. We considered the matter, and
 

 [¶ 10]
 
 ORDERED
 
 , that the findings of fact, conclusions of law, and recommendations for discipline are accepted.
 

 [¶ 11]
 
 IT IS FURTHER ORDERED
 
 , that John D. Bruhn is suspended from the practice of law for 60 days with one-year of probation following his suspension, effective August 15, 2018.
 

 [¶ 12]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn work with the Lawyer Assistance Program on law office management.
 

 [¶ 13]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn complete six hours of continuing legal education classes focused on the issues of diligence and client communication.
 

 [¶ 14]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn must pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 30 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.
 

 [¶ 15]
 
 IT IS FURTHER ORDERED
 
 , that Bruhn must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.
 

 [¶ 16]
 
 IT IS FURTHER ORDERED
 
 , that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).
 

 [¶ 17] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Jerod E. Tufte
 

 Daniel J. Crothers